### ENGLISH v. UNITED STATES.

(Circuit Court of Appeals, Ninth Circuit. October 29, 1923.)

No. 4024.

**Criminal law ⊂⇒ 1169 (6) —Admission of statements of conspirators held not error.**

> Admission in evidence of statements of alleged co-conspirators cannot be assigned as error, where the existence of the conspiracy was established by the verdict of the jury, on evidence the sufficiency of which was not challenged.

In Error to the District Court of the United States for the Southern Division of the Southern District of California; Oscar A. Trippet, Judge.

Criminal prosecution by the United States against John English. Judgment of conviction, and defendant brings error. Affirmed.

M. A. Thomas and Chas. C. Sullivan, both of San Francisco, Cal., for plaintiff in error.

Joseph C. Burke, U. S. Atty., and Herbert N. Ellis, Sp. Asst. U. S. Atty., both of Los Angeles, Cal.

Before GILBERT, HUNT, and RUDKIN, Circuit Judges.

RUDKIN, Circuit Judge. The indictment in this case charges a conspiracy to possess, transport, and sell intoxicating liquor, in violation of the National Prohibition Act (41 Stat. 305), and the commission of numerous overt acts to affect the object of the conspiracy. The defendants named in the indictment were English, Spratt, and Burke. The court dismissed the case as to the defendant Burke at the close of the testimony, and the jury returned a verdict of guilty as to the two remaining defendants. The judgment on the verdict is now before us for review on a writ of error sued out by the defendant English.

The assignments of error discussed in the brief of plaintiff in error are all based upon the admission of testimony over objection, and the objection urged in each instance was the absence of proof of the conspiracy charged. These assignments entirely lose sight of the fact that the jury found that a conspiracy existed as charged, that the sufficiency of the testimony to support a verdict of guilty was not challenged at the close of the testimony by motion or otherwise, and that there is no question before us for review upon that issue. Of course, we might review the testimony, in the absence of a challenge or a ruling by the court below, to prevent a plain and palpable miscarriage of justice, but we deem it sufficient to say that no such case is presented here. Assuming, as we must, that a conspiracy existed, the

assignments are wholly without merit, because the testimony objected to consisted of statements made by one or another of the conspirators during the existence of the conspiracy and in furtherance of its object. The statements not falling within this class were expressly limited by the court to the party making them.

There is no error in the record, and the judgment is affirmed.

———————

⬯For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes